UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-195-GWU

VIVIAN MERIDA,                                                              PLAINTIFF,

VS.                              **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                            DEFENDANT.

### INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of her application for Disability Insurance Benefits (DIB). The appeal is currently before the Court on cross-motions for summary judgment.

### APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

Merida

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

Merida

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. <u>Garner</u>, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. <u>Bowie v. Secretary</u>, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. <u>Cf. Houston v. Secretary of Health and Human Services</u>, 736 F.2d 365, 367 (6th Cir. 1984); <u>King v. Heckler</u>, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. <u>Hardaway v. Secretary</u>, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. <u>Jones</u>, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1)

3

Merida

> whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

Merida

or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

Merida

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.  In such cases, the agency

may be required to consult a vocational specialist. <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

**DISCUSSION**

The plaintiff, Vivian. Merida, was found by an Administrative Law Judge to have "severe" impairments consisting of fibromyalgia, diabetes mellitus controlled with diet, an anxiety disorder and a depressive disorder. (Tr. 21). Nevertheless, based in part on the testimony of a vocational expert (VE), the ALJ determined that the plaintiff retained the residual functional capacity to perform her past relevant work as an assembler, supervisor, and home health aide. (Tr. 24-6). Accordingly, she was found to be not entitled to benefits. The Appeals Council declined to review, and this action followed.

The ALJ presented a hypothetical question to the VE asking whether the plaintiff could perform any jobs if she were capable of "medium" level exertion and had a "limited but satisfactory" ability to maintain attention and concentration, maintain a regular schedule, and respond appropriately to changes in the work

Merida

setting. (Tr. 52). On appeal, the plaintiff challenges the adequacy of the mental factors.

As the plaintiff points out, Dr. Pamela Starkey, a psychologist, conducted the only mental status examination connected with the plaintiff's current application.[1] Dr. Starkey examined the plaintiff on March 31, 2004, and noted a dysphoric mood, mild to moderate difficulty focusing and sustaining attention, some infrequent flashbacks of childhood abuse, feelings of low energy and anxiety most of the time, and low self-esteem. The plaintiff reported that she cried three or four times a week. (Tr. 354-9). However, she was capable of most activities of daily living, although she was limited in shopping and household chores due to low energy. (Tr. 358-9). Dr. Starkey diagnosed an anxiety disorder with a generalized anxiety features and post traumatic stress disorder features, "rule out" generalized anxiety disorder, a depressive disorder, "rule out" major depressive disorder and "rule out" dependent personality disorder. (Tr. 359). She assigned a current GAF score of 55. (Tr. 360). A GAF score in this range reflects "moderate" symptoms or "moderate" difficulty in

---

[1] The plaintiff filed a previous application in March, 2000, but voluntarily withdrew the claim in April, 2002. (Tr. 18). Records from the previous application show that the plaintiff was psychiatrically hospitalized for five days in January and February, 2001 for depression and suicidal ideation, and diagnosed with a major depressive disorder as well as possible post traumatic stress disorder, with a Global Assessment of Functioning (GAF) score of 55 to 60 at the time of discharge. (Tr. 168-9, 344-6). She returned to work, however, and her current application alleges an onset date of November 15, 2003 (Tr. 236).

Merida

social, occupational, or school functioning.  <u>Diagnostic and Statistical Manual of Mental Disorders</u> (Fourth Edition-Text Revision), p. 34.  In terms of functional restrictions, Dr. Starkey opined that the plaintiff would likely have moderate difficulty sustaining the attention and pace necessary for completing tasks common to work settings and everyday household routines, and likely to have "moderate to significant" difficulty dealing with the normal pressures found in a day-to-day work setting.  (Tr. 360).  She would only be mildly limited in understanding and remembering simple instructions and relating to people. (Id.).  However, Dr. Starkey added that counseling and a medication evaluation by mental health professionals was recommended and "[w]ith effective treatment, Mrs. Merida could possibly be rendered psychologically amenable to job training and/or public employment... in about nine months."  (Id.).

Dr. Ann Demaree, a state agency psychologist, reviewed the record and indicated that the consultative examiner had noted some symptoms of anxiety and depression and her opinion was "congruent with other information and given great weight."  (Tr. 371).  Although she opined that the plaintiff could understand and complete simple-complex tasks, relate to small groups, and adapt to work settings, Dr. Demaree also indicated that the plaintiff would be "moderately limited" in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, to complete a normal workday and workweek

9

Merida

without interruptions from psychologically-based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, and respond appropriately to changes in the work setting. (Tr. 369-70). Dr. Ilza Sillers, another state agency psychologist, concurred with Dr. Demaree's opinion. (Tr. 365-7).

The plaintiff argues on appeal that the ALJ's use of the term "limited but satisfactory" in the hypothetical question does not reflect Dr. Starkey's indication of a "moderate to significant" difficulty dealing with normal pressures found in a day-to-day work setting. The Commissioner responds that Dr. Starkey was not entitled to the deference given a treating source and that it was the ALJ's responsibility to determine the residual functional capacity while looking at the record as a whole. The Court agrees with this staement, but finds that the ALJ did not fully evaluate the evidence in view of the fact that she did not even mention Dr. Starkey's belief that the plaintiff would need counseling and medication for a period of about nine months before she could even be rendered capable of vocational training or public employment. Moreover, while the ALJ mentioned Dr. Starkey's statement that the plaintiff is likely to have "moderate to significant" difficulty dealing with the normal pressures found in a day-to-day work setting (Tr. 21), there was no discussion or resolution of how this restriction was consistent with the "limited but satisfactory" abilities found in the hypothetical question. The ALJ may not consider only a portion

Merida

of the evidence and disregard the unfavorable portions. Lowery v.Commissioner, 55 Fed.Appx. 333, 339 (6th Cir. 2003). Substantiality of the evidence must take into account whatever fairly detracts from its weight. Garner v. Heckler, F.2d 383, 388 (6th Cir. 1984). Nor did the state agency sources discuss this anomaly, or the "moderate to significant" difficulty in dealing with work pressures cited by Dr. Starkey. Therefore, the administrative decision was not supported by substantial evidence.

A remand will be required for additional consideration of the mental factors.

This the 9th day of February, 2007.

Signed By:

*G. Wix Unthank*

**United States Senior Judge**